**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)**

| | |
|---|---|
| **GRIZZLY GENERAL CONTRACTORS, CORP.** (*dba*, **GRIZZLY SEPTIC SERVICES**)*, a Washington State Corporation;* and **WILLIAM and STEPHANIE GONZALES,** *Washington State residents and a marital community; and* **JOHN DOES AND JANE DOES** 1-50<br><br>Plaintiffs,<br>v.<br><br>**KITSAP PUBLIC HEALTH DISTRICT,** *a Washington State accredited public health agency*, **ONLINE RME, LLC,** *a Washington State and Oregon State Limited Liability Company*, **E-ONSITE, LLC,** *a Washington State Limited Liability Company*, **ORENCO SYSTEMS, INC.,** *an Oregon for Profit Corporation and co-owner of Online RME, LLC,* **ERIC EVANS INDIVIDUALLY AND HIS MARITAL COMMUNITY,** *Washington State residents and co-owners of Online RME, LLC and Eonsite, LLC,* **EDWIN NORTH, INDIVIDUALLY AND HIS MARITAL COMMUNITY,** *Washington State residents and co-owners of Online RME, LLC and Eonsite,* LLC, **MIKE HARMON INDIVIDUALLY AND HIS MARITAL COMMUNITY,** *Washington State residents and co-owners of Online RME, LLC,* **HAROLD L BALL INDIVIDUALLY AND HIS MARITAL COMMUNITY,** *Oregon residents and co-owner of Orenco Systems, Inc.* and **JOHN DOES AND JANE DOES** 1-50,<br><br>Defendants. | **CASE NO.:**<br><br><br>**PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**TO:** The U.S. District Court Clerk for the Western District of Washington (Seattle); and
**TO:** Defendants

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 1 OF 15



**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098

## I. INTRODUCTION

**PLEASE TAKE NOTICE,** the Plaintiffs, Grizzly General Contractors, Corp. (*dba*, Grizzly Septic Services), its licensed Septic Inspectors William and Stephanie Gonzales, *and* John Does and Jane Does 1-50, by and through their attorney of record, Edward C. Chung, and the law firm of CHUNG & MALHAS & MANTEL, PLLC, have initiated a civil lawsuit and petition for declaratory judgment and injunctive relief against the above captioned Defendants, Kitsap Public Health District, Online RME, LLC, E-Onsite, LLC, Orenco Systems, Inc., Eric Evans individually and his marital community, Edwin North, individually and his marital community, Mike Harmon individually and his marital community, and Harold L. Ball individually and his marital community.

## II. NATURE OF THE CASE

This lawsuit concerns, *inter alia*, the use of public office for private profit by unlawful and fraudulent scheme in violation of the United States Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 (c), *et. seq* ("RICO"), the United States Civil Rights Act of 1871, 42 U.S. Code § 1983, *et. seq*, as well as Washington State's Criminal Profiteering Act, RCW 9a.82, *et. al.* Pursuant to the *Ex parte Young* doctrine, 209 U.S. 123 (1908), Grizzly Septic Services on behalf of its Septic Inspectors and other similarly situated Washington State Septic Inspectors (collectively herein as "Plaintiffs") seek declaratory and injunctive relief against Kitsap Public Health District ("KPHD") and its officers in their official and individual capacities for civil damages and penalties arising from KPHD and its officer's promulgation, implementation and enforcement of Policy 36; a fraudulent policy that imposes upon Septic Inspectors, who are not employees of KPHD, to collect monies from Washington State residents that is designated as a "Maintenance Contract Fee" but is thereafter funneled into

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 2 OF 15

**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098

privately owned companies, Online RME, LLC and E-Onsite, LLC; companies **_privately_** owned and operated by KPHD officers Eric Evans, Assistant Division Director at Kitsap Public Health Department and Edwin North, KPHD's Information Technology Manager. Attached hereto as **Exhibit 1** is a true and correct copy of Policy 36.  Policy 36 impairs Septic Inspectors contractual rights and is a violation of the Contracts Clause contained in Article I, Section 10, Clause 1 of the U.S. Constitution, as well as Article I, Section 23 of the Washington State Constitution as it limits and interferes with private contractual rights. Attached hereto as **Exhibit 2** is a true and correct copy of KPHD's informational brochure explaining how fees are arbitrarily usurped from Septic Inspector contracts.

Pursuant to the U.S. Supreme Court's *Monell Rule* established in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and as adopted by the Washington State Supreme Court in *Bosteder v. City of Renton,* 155 Wn.2d 18 (2005), Plaintiffs, in addition to injunctive and equitable relief, seek compensatory and punitive money damages against KPHD and its officials that have either directly or indirectly engaged in conduct of such enterprise's affairs by a pattern of racketeering activity and/or by conspiring to exploit Washington State residents and Septic Inspectors through their positions as public servants by knowingly engaging in a fraudulent scheme with the specific intent of obtaining personal financial profit through corrupt government practices. Plaintiffs, as more fully alleged herein, also bring action for fraud, civil conspiracy to commit fraud, racketeering, tortious interference with a prospective business advantage and tortious interference with contract against Defendants Online RME, LLC, E-Onsite, LLC, Orenco Systems, Eric Evans, Edwin North, Mike Harmon and Harold L. Ball**.**

Attached hereto as **Exhibit 3** and incorporated herein by reference is a detailed chart/diagram that on information and belief depicts the scheme and fraudulent conduct of KPHD and its officials as well as the racketeering activity engaged in by privately owned entities Online RME, LLC, E-Onsite, LLC, Orenco Systems, Inc. and its owners. Below, for demonstrative purposes, is a diagram of the illicit activity engaged in by Defendants:

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 3 OF 15



**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65ᵀᴴ Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999     Facsimile (206) 264-9098

## KITSAP PUBLIC HEALTH DISTRICT
### ERIC EVANS, EDWIN NORTH

**PUBLIC SERVANTS** | **PRIVATE OWNERS**

### KITSAP COUNTY PUBLIC HEALTH DISTRICT ("KPHD")

The Kitsap Public Health District ("KPHD") promulgates legal and regulatory policies governing drinking water and onsite sewage systems. Eric Evans serves as KPHD's Assistant Director for Environmental Health and Edwin North is KPHD's Information Technology Manager. From 2005 to 2009 KPHD imposed upon certified Septic Inspectors in Kitsap, who were not employees of KPHD and are classified as Independent Contractors, the collection and monies of a "Maintenance Contract Filing Fee" that required the Kitsap Septic Inspectors to bill residents on behalf of KPHD. From 2005 to 2009 these payments, however, were required to be funneled through an online payment portal called EONSITE, a Washington State Limited Liability Company **privately owned** and operated by Eric Evans and Edwin North. From 2008 to 2020 EONISITE and Orenco Systems, Inc. merged to create Online RME, LLC, an Oregon limited liability Company. During this time period, in 2016, KPHD officially imposed "Policy 36" upon Kitsap Septic Inspectors to collect monies from Kitsap County residents that was termed a "Maintenance Contract Fee". Aside from the fact that this regulation misclassified these Septic Inspectors as "Maintenance Providers", KPHD imposed a formal policy of collecting these illusory fees and paying them to Online RME, LLC which beginning in 2020 became a Washington State Limited Liability Company **privately owned and** operated by Eric Evans, Edwin North and Mike Harmon.

### E-ONSITE, LLC

EONSITE, LLC (UBI# 602-485-129) is a for profit Washington State Limited Liability Company that was formed on March 9, 2005. The company is privately owned and operated by KPHD's Assistant Director for Environmental Health, Eric Evans and KPHD's Information Technology Manager, Edwin North. After KPHD started imposing a maintenance contract fee to purportedly collect on behalf of KPHD in 2005 it directed Kitsap certified Septic Inspectors to start paying this fee directly to EONSITE, LLC.

### ONLINE RME, LLC

ONLINE RME, LLC was originally a for profit Oregon Limited Liability Company (Registry# 602843-96) formed in May of 2009 and was owned by KPHD's Assistant Director for Environmental Health, Eric Evans and KPHD's Information Technology Manager Edwin North as well as Member Scott Saulis, current Orenco president. It converted to a Washington State for profit Limited Liability Company (UBI# 604 689 327). On December 22, 2020, it converted to a Washington State Limited Liability Company still owned by Eric Evans, Edwin North, Mike Harmon, and on information and belief, Orenco Systems, Inc.



### POLICY 36
### KITSAP PUBLIC HEALTH DISTRICT

This KPHD policy imposed upon Washington State Septic Inspectors the duty to collect and then pay a "Maintenance Contract Fee" directly to Eric Evans and Edwin North's privately owned company Online RME, LLC. Pursuant to RCW 84.56.035, these fees may only be assessed and collected by a county treasurer, not KPHD nor the certified Septic Inspector.

### KITSAP CERTIFIED SEPTIC INSPECTORS
### GRIZZLY SEPTIC SERVICES

Washington State Septic Inspectors, such as Grizzly Septic Services, are **not** employed by the KPHD or the State of Washington but are legally imposed with the obligatory task of billing and collecting monies from Washington State residents "Maintenance Contract Fees" for the purported benefit of KPHD's Onsite Sewage Program, but paid to privately owned companies by KPHD Officials. If they don't pay, they are locked from Online RME, LLC and can't file new contracts or make reporting and their licenses are suspended without hearing.

  

### WASHINGTON STATE DEPARTMENT OF REVENUE ("DOR")

In 2011, before Washington State's Office of Administrative Hearings ("OAH"), Grizzly Septic challenged and prevailed on the classification of these Maintenance Contract Fees as part of their income. On information and belief many Septic Inspector businesses went out of business in having to pay this fee as part of their contracts. In 2016, it became law that septic inspectors no longer are to classify these payments as income, however, KPHD still mandates money collection and payment by Septic Inspectors.



**Washington State Residents Must Pay
"Maintenance Contract Fee" to Septic Inspectors**

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 4 OF 15



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

## III. WAIVER OF MUNICIPALITY IMMUNITY & PRE-TORT FILING COMPLIANCE

3.1 Pursuant to RCW 4.96.010 of Washington State law, local governmental entities, such as KPHD, is liable for damages caused by their tortious conduct, or the tortious conduct of their employees, officers, or volunteers. This liability is the same as if the entity were a private corporation or person.

3.2 Pursuant to RCW 4.96.020, Plaintiffs have complied with Washington State's pre-filing requirements by filing a pre-tort claim On March 24, 2022 and November 15, 2022 with Kitsap Public Health District Administrator Keith Grellner. The filing of the Pre-Tort Claim was done prior to filing this lawsuit. Attached hereto as **Exhibit 4** and incorporated herein by reference is a true and correct copy of Plaintiffs' filed Pre-Tort Claim Form and KPHD received stamped copy.

3.3 On April 14, 2022 and March 7, 2023, Plaintiff received a denial of Plaintiffs' Pre-Tort claim and now bring suit. Attached hereto as **Exhibit 5** is a true and correct copy of denial of claims.

## IV. JURISDICTION & VENUE

4.1 This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that the allegation and causes of actions asserted herein arises under the Constitution and laws of the United States of America and is premised on the acts and omissions of state and/or local governmental officials acting under the color of state law. Pursuant to the Corrupt Organizations Act, 18 U.S.C. § 1964 (c), *et. seq* ("RICO"), the United States Civil Rights Act of 1871, 42 U.S. Code § 1983, *et. seq*, Plaintiffs seek redress for money damages, accruing on and after May of 2005 and continuing to date, for the knowing and intentional deprivation of Plaintiff's due process rights afforded to Plaintiffs under the Fourteenth Amendment of the Constitution of the United States of America.

4.2 This Court has jurisdiction to grant the declaratory and injunctive relief requested from KPHD Policy 36 in this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. Under the *Ex parte Young* doctrine Plaintiffs may seek injunctive relief against municipalities and officers of a municipalities in their official capacities, as well assert state and federal claims for civil damages and penalties against such entities and officers in their personal capacities.

4.3 This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law, including the Civil Racketeer Influenced and Corrupt Organization Act ("Civil RICO"), 18 U.S.C. §§ 1961–1968.

4.4 This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy, and share all common operative facts and parties with the federal law claims. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 5 OF 15

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

4.5   Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because the majority of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## V. PARTIES

5.1   Plaintiff Grizzly General Contractors, Corp. (*dba*, Grizzly Septic Services) is a Washington State registered for profit corporation performing septic services in Kitsap County, Washington.

5.2   William and Stephanie Gonzales are Washington State residents, Washington State certified Septic Inspectors and form a marital community under Washington State law.

5.3   Kitsap Public Health District is a municipal corporation organized and existing under and by virtue of the laws of the State of Washington.

5.4   Eric Evans is Assistant Division Director at Kitsap Public Health Department and his marital community, resides in the State of Washington. Defendant is sued in his official and individual capacities herein. On information and belief, at all times, Eric Evans was working on behalf of himself, Kitsap Public Health Department, E-Onsite, LLC and Online RME, LLC.

5.5   E-Onsite, LLC (UBI# 602-485-129) is a for profit Washington State Limited Liability Company that was formed on March 9, 2005. The company is privately owned and operated by KPHD's Assistant Director for Environmental Health, Eric Evans and KPHD's Information Technology Manager, Edwin North. After KPHD started imposing a maintenance contract fee to purportedly collect on behalf of KPHD in 2005 it directed Kitsap certified Septic Inspectors to start paying this fee directly to E-Onsite, LLC.

5.6   Online RME, LLC, is a private Washington Limited Liability Company owned by Members Eric Evans, Edwin North and Mike Harmon and engaged in collection of maintenance contract fees on behalf of a local health jurisdiction from Septic Inspectors within Washington State.

5.7   Online RME, LLC, is a dissolved Oregon Limited Liability Company owned by Members Eric Evans, Edwin North and Orenco Systems, Inc., and engaged in collection of maintenance contract fees on behalf of a local health jurisdiction from Septic Inspectors within Washington State.

5.8   On information and belief, Orenco Systems, Inc. is a Oregon corporation registered to do business in Washington State and was during the times of the claims alleged herein a Member owner of Online RME, LLC.

5.9   On information and belief Mike Harmon is a Member of Orenco Systems, Inc.; a Member owner of Online RME, LLC. Defendant and his community estate are being sued in their individual capacity for the acts and omissions alleged herein.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 6 OF 15



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098

5.10  On information and belief Harold L. Ball was a Member and owner of Orenco Systems, Inc.; a Member owner of Online RME, LLC. Defendant and his community estate are being sued in their individual capacity for the acts and omissions alleged herein.

5.11  On information and belief Plaintiffs, John Does and Jane Does 1-50 are similarly situated Washington State septic inspectors and Washington State residents, either in or around Kitsap County that may be entitled to injunctive relief and damages for the claims alleged against Defendants named herein. Plaintiffs bring this proposed class-action lawsuit on behalf of themselves and in accord with Rule 23(b) of the Federal Rules of Civil Procedure. Plaintiffs seek certification of the classes of those Washington State septic inspectors and residents who have paid this Contract Maintenance Fee.

5.12  On information and belief Defendants, John Does and Jane Does 1-50 are officials and additional co-conspirators that pursuant to Rule 15 of the Federal Rules of Civil Procedure may be added as Defendants to this lawsuit. Defendants, John Does and Jane Does 1-50 may or may not include governmental officials working for Kitsap County or other Washington State municipalities or officials using Online RME, LLC.

## VI.   FACTUAL ALLEGATIONS

6.1  Defendant, Kitsap Public Health District ("KPHD") promulgates legal and regulatory policies governing drinking water and onsite sewage systems. *See*, https://kitsappublichealth.org/environment/

6.2  Defendant Eric Evans serves as KPHD's Assistant Director for Environmental Health and Edwin North is KPHD's Information Technology Manager. *See*, **Exhibit 6** attached hereto and incorporate herein by reference.

6.3  From 2005 to 2009 KPHD imposed upon certified Septic Inspectors in Kitsap, who were not employees of KPHD and were classified as Independent Contractors, the collection and payment of a so called "Maintenance Contract Filing Fee" that compelled Kitsap Septic Inspectors to collect monies from Washington State residents on behalf of KPHD to fund their onsite sewage program instead of having Washington State consumers pay KPHD directly.

6.4  From 2005 to 2009 these payments, however, were required to be funneled through an online payment portal called E-Onsite, a Washington State Limited Liability Company privately owned and operated by Eric Evans and Edwin North. *See*, **Exhibit 7** attached hereto and incorporate herein by reference.

6.5  From 2008 to 2020 E-Onsite and Orenco Systems, Inc. merged to create Online RME, LLC, an Oregon limited liability Company. *See*, **Exhibit 8** attached hereto and incorporate herein by reference.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES PAGE 7 OF 15

**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098

6.6 In 2016, KPHD officially imposed "Policy 36" upon Kitsap Septic Inspectors to collect monies from Kitsap County residents that was termed a "Maintenance Contract Fee" and then pay a "Maintenance Contract Fee" directly to Eric Evans and Edwin North's privately owned company Online RME, LLC. The policies misclassified Septic Inspectors as "Maintenance Providers", collecting these illusory fees to Online RME, LLC. Pursuant to RCW 84.56.035, these fees may only be assessed and collected by a county treasurer, not KPHD nor imposed upon Washinton State Septic Inspectors. *See*, **Exhibit 9** attached hereto and incorporate herein by reference.

6.7 In 2020, Online RME, LLC became a Washington State Limited Liability Company privately owned and operated by Eric Evans, Edwin North and Mike Harmon. *See*, **Exhibit 10** attached hereto and incorporated herein by reference.

6.8 According to two KPHD Freedom of Information Act requests, initial investigations and access to public records do not evidence KPHD has any public contract with Online RME, LLC. *See*, **Exhibit 11** attached hereto and incorporated herein by reference.

6.9 On information and belief Online RME has expanded to 11 Washington State counties and Eric Evans, acting on behalf of Online RME and using his position as KPHD's Assistant Director for Environmental Health, has pushed forward policies wherein there will be no public bids or solicitation for software services performed, except by Online RME.

6.10 On information and belief, some county officials may not have been aware Eric Evans and Edwin North, employees of KPHD, privately owned and operated Online RME.

6.11 Grizzly General Contractors (*dba*, Grizzly Septic Services") is located at 12433 Olalla Valley Road SE PO Box 1069 Olalla, Washington 98359.

6.12 Grizzly Septic Services holds two M/M Specialist certification licenses that have been conditioned by KPHD Policy 36. *See*, **Exhibit 12** attached hereto and incorporated herein by reference.

6.13 KPHD's Maintenance Contract Fees Policy #36 came into effect on February 1, 2016. As reflected in the regulatory language, the purpose of this policy was to clarify the intent of Sections 13.C.16 and 13.G.10. as it relates to the responsibility for payment of maintenance contract fees.

6.14 Kitsap County property owners who are required to maintain a valid monitoring service contract are responsible to pay for maintenance contract fees to the "Health Officer".

6.15 The inspection service provider, in this case is Grizzly Septic Services, as well as other similarly situated septic providers, were arbitrarily imposed as the unpaid agent in collecting the maintenance contract fee and submitting it to the Health District through the Online RME system.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES PAGE 8 OF 15

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098

6.16  As previously alleged, Division Director and KPHD Board Member, Eric Evans' privately owns Online RME, the entity that has been charging septic contractors/inspector, not employees, a per use fee for each reporting of a "Maintenance Contract Fee" and has been collecting these fees via Online RME's online portal.

6.17  KPHD Policy 36 places significant financial burden and labor upon septic providers that is both unlawful and illicit.  KPHD Policy 36 compliance requires billing, postage, banking, travel time, accounting liability and oftentimes collections that for years that septic providers have never been compensated for or required to perform without due process of law amounting to a Fourth, Fifth and Fourteenth Amendment constitutional violation. This illicit financial and labor push has not only been a burden upon Grizzly Septic, but also numerous other septic providers.

6.18  The financial impact this has had only on Grizzly Septic is colossal.  For example, the hourly rate of $145.00 per filing fee, plus $25.00 for Grizzly's billing equals $170.00 per fee. The average customer per year is 300 wherein multiplied over an 20 year period equals $6,000.00 in fees collected x $170.00  equals $1,020,000.00.

6.19  The failure of to collect said fees resulted in the punitive scheme of suspending Grizzly's Septic Inspectors and other similarly situated Septic Inspectors by  locking them out of  OnlineRME without due process of law and effectively affecting their livelihood amounting to a Fourth, Fifth and Fourteenth Amendment constitutional violation.

6.20  For Plaintiff, Grizzly Septic Inspectors, this occurred eighty-one (81) times from March 26, 2012 to March 26, 2022; a total of 244 days of suspension and being placed on a removal list for Septic Inspector services. *See*, **Exhibit 13** attached hereto and incorporated herein by reference.

6.21  On information and belief, Defendants are using public agencies to impose contractual fees for private profit. Pursuant to Washington State law, those public officials, by and through their position at KPHD have engaged in a racketeering scheme, as further alleged herein in this Complaint, that amounts to a Class B felony pursuant to RCW 42.20.070 and criminal acts under, 18 U.S.C. § 641, 18 U.S.C. § 653, 18 U.S.C. § 666.

6.22  Pursuant to 18 U.S.C. §1964*, et. seq.,* RICO Defendants are collectively culpable persons. RICO defines a "person" as an "individual or entity capable of holding a legal or beneficial interest in property." Defendants named herein satisfy the statutory criteria as individuals and entities under RICO.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 9 OF 15

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999     Facsimile (206) 264-9098

6.23 Pursuant to 18 U.S.C. §1964, *et. seq.*, RICO Defendants named herein are an enterprise. RICO defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Courts have interpreted the term "enterprise" very broadly, and since most litigation involves some business entity or organization, the enterprise requirement poses little.

6.24 Pursuant to 18 U.S.C. §1964, *et. seq.*, RICO Defendants misconduct under RICO has and continues to affect interstate commerce as payment made by Washington State Septic Inspectors to Online RME, LLC. On information and belief, this requires online payments be made by Washington State Septic Inspectors to be remitted across state lines and the monies collected for an **unlawful debt** has an adverse effect on homeowners' property values and expenses. *See*, **Exhibit 14** attached hereto and incorporated herein by reference.

6.25 On information and belief KPHD has also obtained federal interstate funding and although mandatory work has not designated these inspectors as employees under the Internal Revenue Code. *See*, **Exhibit 15** attached hereto and incorporated herein by reference.

6.26 Pursuant to 18 U.S.C. §1964 (5), *et. seq.*, RICO Defendants have and continue to be engaged in a pattern of racketeering for activity two acts of racketeering activity of collecting public funds for private profit and imposing illicit labor. Defendants acts, collectively alleged herein in this are the same and/or similar scheme with the purpose, result, participants, victims, and methods of commission and are not isolated events.

6.27 Pursuant to 18 U.S.C. §1964, *et. seq.*, RICO Defendants have collectively engaged in racketeering activity as the scheme, purpose, and intent to target Washington State residents and the conduct of imposing upon Washington State Septic Inspectors the illicit collection of an unlawful debt satisfies the racketeering activity under RICO as does the arbitrary revocation of licenses Septic Inspector licenses without due process of law amounting to a Fourth, Fifth and Fourteenth Amendment constitutional violation. Moreover, the conduct engaged herein is criminal under RCW 42.20.070 and criminal under, 18 U.S.C. § 641, 18 U.S.C. § 653, 18 U.S.C. § 666; 18 USCS § 1589.

6.28 Pursuant to Washington State law, KPHD as a named RICO defendant is not immune from liability as Washington State recognized a municipality is not immune from formulating intent. *See*, *City of Seattle v. Ivan City of Seattle v. Ivan*, 71 Wn. App. 145, *City of Seattle v. Briggs City of Seattle v. Briggs*, 109 Wn. App. 484 Conduct may be implied by municipality]

6.29 On information and belief, Defendants have engaged in a pattern of concealing this scheme of using public funds for private profit by denying access to legitimate public record requests as KPHD, by and through Edwin North, managed the software for KPHD public records known as GovQA.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 10 OF 15



**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098

## VII. CAUSE OF ACTIONS
*Paragraphs 3.1 through 6.29 are incorporated herein by refer*ence

### COUNT I
*Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964, et. seq*

7.1 Defendants are an enterprise engaged unlawful activity and whose activities affect interstate commerce. Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs.

7.2 Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of embezzling public funds for private profit.

7.3 The acts as alleged in this Complaint constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5) wherein Defendants have directly and/or indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

7.4 As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property.

7.5 Defendants Eric Evan, Assistant Director of KPHD and owner of Online RME, LLC has engaged in knowingly culpable conduct with the requisite intent to defraud and profit from Septic Inspectors and Washington State Consumers. Defendants used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise.

7.6 Defendants have directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(b).

7.7 As a direct and proximate cause of said conduct, Plaintiffs and other similarly situated Washington State Consumers have been damaged in amount to be proven at trial.

### COUNT II
*Violations of U.S. Civil Rights Act of 1871, 42 U.S.C. §1983, et. seq.*

7.8 All state administrative remedies have been exhausted.

7.9 Plaintiffs filed a timely claim for damages and injuries. Service copy of Plaintiffs' claim for damages and injury and the acknowledgment of receipt KPHD is attached to this Complaint as **Exhibit 4** and is herein incorporated by reference.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 11 OF 15

**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

7.10   KPHD failed to make any administrative disposition of Plaintiffs' claim. Accordingly Plaintiff filed a timely Complaint in the U.S. District Court for the Western District of Washington. Kitsap Public Health Department and Eric Evans, Edwin North, Mike Harmon and Harold L. Ball in their individual capacities have been named Defendants.

7.11   Plaintiffs' Complaint raised, *inter alia*, causes of action under the Federal Tort Claims Act ("FTCA"), 28 USC §2671, *et. seq.*, and constitutional violations of U.S. Civil Rights Act of 1871, 42 U.S.C. §1983, *et. seq.*

7.12   Defendants, while acting under of color of law, violated 42 U.S.C. §1983 of the U.S. Civil Rights Act of 1871.

7.13   Defendants, without due process of law, have deprived Plaintiffs of their liberty and property right in violation of their Fourth, Fifth and Fourteenth Amendment due process rights.

7.14   Defendants are the actual and proximate cause for damages incurred by Plaintiffs in an amount to be proven at trial.

## COUNT III

*Violation of the U.S. Trafficking Victims Protection Reauthorization Act of 2008,* **18 U.S.C. §1595 (a)**

7.15   The Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. §1595, *et. seq.*, authorizes a civil cause of action against perpetrators of forced labor and indirect liability for other knowing participants. The Act extends to a person who knowingly benefits by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of federal slavery and trafficking laws. *See*, *Doe v. Apple Inc.*, 96 F.4th 403 (2024).

7.16   The TVPRA, which is an amendment to the Trafficking Victims Protection Act of 2000, authorizes a private right of action, allowing Plaintiffs herein to sue the above captioned Defendants who are involved indirectly with forced labor. *See*, *Doe v. Apple Inc.*, 96 F.4th 403(2024).

7.17   On information and belief Defendants knowingly benefitted from participation in a venture that Defendants knew or should have known has engaged in forced labor. Moreover, the TVPA also provides a cause of action to bring claims against third parties such as KPHD that provided financial or other services to those engaged in profiting from forced labor.

7.18   Pursuant to 18 U.S.C. §1595 (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 12 OF 15



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

## COUNT IV
### *Washington State's Criminal Profiteering Act, RCW 9a.82*

7.19  As alleged herein, Defendants Eric Evans, Edwin North, Harold Ball and Mike Harmon and such other individual as may be exposed in discovery, to have violated Washington State's Criminal Profiteering Act, RCW 9a.82 by collecting an unlawful debt in violation of RCW 9a.82.45, leading organized crime in violation of RCW 9A.82.060, use of proceeds for criminal profiteering in violation of RCW 9A.82.080.

7.20  Pursuant to RCW 9a.82.100 of Washington State's Washington State's Criminal Profiteering Act, Plaintiff hereby assert a private cause of action **against** Defendants Eric Evans, Edwin North, Harold Ball and Mike Harmon and such other individual as may be exposed in discovery, to have violated Washington State's Criminal Profiteering Act, RCW 9a.82 by collecting an unlawful debt in violation of RCW 9a.82.45, leading organized crime in violation of RCW 9A.82.060, use of proceeds for criminal profiteering in violation of RCW 9A.82.080.

7.21  Plaintiffs pray for monetary damages and the costs of the suit, including reasonable, investigative and attorney's fees.

## COUNT V
### *Violation of Washington State Consumer Protection Act, RCW 19.86, et. seq*

7.22  Defendants have engaged in false and misleading statements to Washington State Consumers.

7.23  Defendants conduct is in violation of Washington State's Consumer Protection Act wherein such conduct has and continues to damage Washington State Consumers.

7.24  Plaintiffs bring this suit on behalf of the public and other similarly situated Septic Inspectors.

7.25  As a direct and proximate cause Plaintiff and Washington State residents have been damaged and in addition to compensatory damages, Plaintiffs are also entitled treble damages.

## COUNT VI
### *Intentional Interference with Prospective Economic Advantage/ Inducing Breach of Contract*

7.26  Defendants intentionally interfered with Plaintiffs business relationships and monetary expectancy with Washington State residents needing septic services.

7.27  On information and belief E-Onsite, Online RME, LLC and KPHD by and through its employees, including Defendants Eric Evans and Edward North had knowledge that Plaintiffs had a business relationship with Washington State residents and potential future dealings with other Washington State resident involving septic services.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 13 OF 15

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

7.28  At the time of the conduct at issue Grizzly Septic Services, along with other its owners, employees and other aligned Septic Inspectors in Washington State had a business relationship or expectancy with Washington State residence and a probability of future economic benefit. On information and belief Defendants collectively knew of the existence of that business based on meetings and communications with Plaintiffs and Washington State residents.

7.29  On information and belief mandatory imposition of Policy 36 and the ability to interfere and suspend Washington State Septic Inspectors from working caused the termination of numerous contractual relationships by and between Plaintiffs and Washington State residents needing septic services.

7.30  On information and belief, Defendants interference was improper and criminal as public funds were used for private profit.

## COUNT VII
### *Fraudulent Misrepresentation*

7.31  From 2010 to present Defendants represented through its public officers and employees that funds paid for contract maintenance fees would be for KPHD purposes.

7.32  Since KPHD's adoption of Policy 36, Plaintiffs and Washington State residents did not know the fees paid were not for public use but rather for private profit. Attached as **Exhibit 16** are the dates Grizzly Septic Services were specifically damaged.

7.33  On information and belief the acts performed were intentional.

## VIII.  DEMAND FOR JURY TRIAL

*Plaintiffs re-allege Paragraphs 3.1 through 7.33 and incorporates them herein as if set forth in full.*

8.1  Plaintiffs demands for a jury trial on all issues so triable.

## IX.  PRAYER FOR RELIEF

*Plaintiffs re-allege Paragraphs 3.1 through 8.1 and incorporates them herein as if set forth in full.*

Plaintiffs request that judgment be entered against Defendants as follows:

9.1  Judgment in favor of Plaintiffs against Defendants for all the damages caused by Defendants' wrongful acts which that resulted in serious personal injuries, pain and suffering, mental anguish in amount to be proven at trial.

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT
INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 14 OF 15



**CHUNG, MALHAS & MANTEL, PLLC**
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999    Facsimile (206) 264-9098

9.2 Judgment in favor of Plaintiffs against Defendants in accordance with FTCA, damages in the amount of $30,000,000.00 and any additional amount allowed in accordance with 28 U.S.C. § 2675.

9.3 Special damages to include out-of-pocket expenses, lost income, and other special damages, all in amounts to be proven at the time of trial;

9.4 General damages for Plaintiffs, and other damages allowed under federal, state or international law, in amounts to be proven at the time of trial;

9.5 Pursuant to RCW 19.86, Plaintiffs pray for compensatory damages, treble damages, attorneys fees and costs on behalf of Plaintiffs and those similarly situated.

9.6 Pursuant to RCW 9A.82.100 Plaintiffs pray for damages and the costs of the suit, including reasonable investigative and attorney's fees.

9.7 Pursuant to TVPA Plaintiffs pray award damages as well as attorney's fees to the victims and, in accord with Ninth Circuit Court of Appeal authority, punitive damages § 2018-7.02.

9.8 For such further relief as the Court deems just and equitable under the Declaratory Judgment

*Respectfully submitted this 18th day of July, 2024*

        */s/ Edward C. Chung*
        Edward C. Chung, WSBA# 34292
        Attorney for Plaintiffs

PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES
PAGE 15 OF 15



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65TH Street, Suite #80171
Seattle, Washington 98119
Office Phone: (206) 264-8999   Facsimile (206) 264-9098